# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **BILLY CLARY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | |
| **HARRY'S EXCAVATING & SEPTIC** ) | |
| **TANK, INC., and HARRY HYCHE** ) | |
| ) | |
| **Defendants.** ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** Plaintiff Billy Clary (hereinafter "Clary" or "Plaintiff") by his undersigned attorney, David A. Hughes, and brings this action against Harry's Excavating & Septic Tank, Inc. (hereinafter "Harry's Excavating") and Harry Hyche (hereinafter "Hyche") for damages and other legal and equitable relief for the Defendant's violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.,* ("FLSA") and other laws.  In support thereof, the Plaintiff states the following:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*  District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the Defendants are subject to personal jurisdiction in the Northern District of Alabama, Western Division.

3. At all relevant times herein, the Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

## PARTIES

4. Plaintiff Clary is currently a resident of Cottondale, Alabama, and performed work for the Defendants in Tuscaloosa County, which is in the Northern District of Alabama, Western Division.  Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

5. Harry's Excavating, located at 11622 Chigger Ridge Road, Brookwood, AL 35444, operates a business that uses dump trucks to haul rock from quarries, and has done so at all times relevant for the filing of this complaint, and the time periods referenced in this complaint.

6. Defendant Harry Hyche is, upon information and belief, a resident of Alabama and is an adult over the age of twenty-one (21).

7. Defendant Hyche is, upon information and belief, the owner and an officer of Harry's Excavating. At all times relevant to the claims made the basis of

this suit, Defendant Hyche was acting in his capacity as owner and officer and had operational control over the day-to-day functions of the Plaintiff, had direct responsibility for the compensation of the Plaintiff, and determined the day-to-day functions of the Plaintiff. Defendant Hyche personally had the power to hire and fire the Plaintiff, personally supervised and controlled the Plaintiff's work schedules and conditions of his employment, personally determined the rate and method of payment to the Plaintiff as well as the Defendants' pay policies, and personally had involvement in and, to the extent that they were and are maintained, maintained the pay and employment records of the Plaintiff.

8. At all times material to this action, the Defendants have been an enterprise as defined by § 203(s)(1) of the FLSA.

9. Harry's Excavating has an annual gross volume of sales made or business done that is or exceeds $500,000.

10. At all times relevant to this action, each Defendant was an "employer" of the Plaintiff as defined by § 203(d) of the FLSA, and the Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA. The Plaintiff worked for the Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

11. Defendants Harry's Excavating and Harry Hyche are sometimes referred to in this Complaint collectively as the "Defendants," which is meant to refer to and include all named defendants.

## STATEMENT OF FACTS

12. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

13. Defendants employed the Plaintiff as a dump truck driver from on or about October 1, 2016 through July 14, 2020.

14. Plaintiff was a FLSA non-exempt employee of the Defendants through the entirety of his employment.

15. Plaintiff's job duties during that entire period consisted of driving a dump truck, hauling rock and sand from quarries in Alabama where it was mined to other locations, all also within Alabama, where it was then used on construction sites.

16. Plaintiff worked over 40 hours in many workweeks.

17. The Defendants paid the Plaintiff $951.90 per week, and overtime pay only on weeks in which he worked over 50 hours (notably, not 40 hours), and, in those weeks, only for the hours that he worked over 50 hours (not 40 hours).

18. On weeks in which Plaintiff worked over 40 hours, but under 50 hours, he received no overtime pay.

19. On weeks in which Plaintiff worked over 50 hours, he received no overtime pay for hours 40 through 50.

20. These violations are known to the Defendants, including Defendant Hyche, and were willful in nature.

21. As a result of the Defendants' practices, the Plaintiff worked multiple workweeks without receiving the legally required amount of overtime pay.

## COUNT ONE
## FLSA Violations

22. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

23. The Defendants have failed and refused to comply with the FLSA's overtime requirements by failing to pay the Plaintiff at one-and-one-half of the applicable regular rate per hour for all hours that he worked in excess of forty hours per week during the Plaintiff's employment as described in this Complaint.

24. The Defendant's failure to pay the Plaintiff overtime pay for all hours that he worked over 40 hours in any workweek is impermissible under the FLSA.

25. The Defendants have failed to properly pay the Plaintiff within the last three (3) years preceding the filing of this complaint.

26. The Defendants' willful violations have caused financial damage to the Plaintiff, consisting of loss of pay.

27. At all material times herein, the Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

28. None of the FLSA exemptions apply to the Plaintiff, who was a non-exempt employee. Accordingly, the Plaintiff must be paid overtime pay in accordance with the FLSA.

29. The Defendants' failure to accurately pay overtime was, and is, willfully perpetrated. The Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, the Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

30. The Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate as well as reimbursement of his costs, attorneys' fees, and expenses incurred.

31. As a result of these willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by the Defendants from the Plaintiff for which the Defendants are liable pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

The Plaintiff respectfully requests that the Court grant the following relief:

A. That the Court issue proper process to compel the Defendants to answer or otherwise plead to the allegations contained in this Complaint;

B. That this Court award the Plaintiff the amount of his unpaid wages including overtime wages, plus an additional equal amount as liquidated damages;

C. That this Court award the Plaintiff judgment against the Defendants for all reasonable attorneys' fees, costs, disbursements, and interest;

D. For such other and further relief as this Court deems equitable, proper and just.

## Jury Demand

Plaintiff demands trial by struck jury.

Dated this 7th day of August, 2020.

                                                                  Respectfully,

                                                        **S/David A. Hughes**
                                                        David A. Hughes (ASB 3923-U82D)
                                                        *Attorney for Plaintiff*
                                                        Hardin & Hughes, LLP
                                                        2121 14th Street
                                                        Tuscaloosa, Alabama 35401
                                                        Telephone: (205) 523-0463
                                                        Fax: (205) 344-6188
                                                        E-mail: dhughes@hardinhughes.com

## **DEFENDANTS' ADDRESSES**

**Harry's Excavating & Septic Tank, Inc.**
c/o Harry H. Hyche (Registered Agent)
11622 Chigger Ridge Road
Brookwood, Alabama 35444

**Harry Hyche**
11622 Chigger Ridge Road
Brookwood, Alabama 35444